# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WUESTHOFF HEALTH SYSTEM, INC.,**

Plaintiff,

-vs-　　　　　　　　　　　　　　　　　　　Case No. 6:05-cv-1454-Orl-22JGG

**HEALTH FIRST, INC.; HOLMES
REGIONAL MEDICAL CENTER, INC.;
CAPE CANAVERAL HOSPITAL, INC.;
HEALTH FIRST PHYSICIANS, INC.; and
HEALTH FIRST HEALTH PLANS, INC.,**

Defendants.

---

## ORDER

This cause came on for consideration without oral argument on the following motions:

| MOTION: | DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (Doc. No. 33) |
|---|---|
| FILED: | November 14, 2005 |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

| MOTION: | DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CLAIMS COVERED BY PRIOR SETTLEMENT AGREEMENT (Doc. No. 43) |
|---|---|
| FILED: | December 28, 2005 |

**THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

The Complaint in this matter (Docket No. 1) includes 125 paragraphs and eight counts. Docket No. 1. Each count begins with a paragraph incorporating the allegations contained in all of the preceding paragraphs of the Complaint. Defendants argue in their motion to dismiss that Plaintiff's complaint is a prohibited "shotgun pleading" that requires, at a minimum, a more definite statement. Docket No. 33-1 at 4.

A "shotgun pleading" has been described by the Eleventh Circuit Court of Appeals as one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit Court of Appeals has stated that shotgun pleadings "impede[] the due administration of justice and, in a very real sense, amount[] to obstruction of justice." *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)), and "exact an intolerable toll on the trial court's docket." *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). More recently, in *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002), the Court described a typical shotgun complaint as one that

> contains several counts, each one incorporating by reference the allegations of all of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous.

Plaintiff's complaint here is a shotgun pleading, which makes it extraordinarily difficult for the Court to distinguish between Plaintiff's claims. Because of the difficulty in matching legal arguments to the claims set forth in the complaint, the Court **DENIES WITHOUT PREJUDICE** the motion to dismiss. Plaintiff is **ORDERED** to file an amended complaint on or before

March 22, 2006, that complies with the Federal Rules of Civil Procedure and is not a shotgun pleading. Because Plaintiff is required to amend its complaint, the Court **DENIES AS MOOT** Defendants' motion for summary judgment.

In any subsequently filed motion to dismiss or motion for summary judgment, the Court cautions the parties to articulate clearly which argument applies to a specific count in the complaint.

**DONE** and **ORDERED** in Orlando, Florida on March 8, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE